# Citizens Passenger Railway Company, Plff. in Err., v. William Costigan.

The following facts: That a horse-car driver, in broad daylight and with an unobstructed view of the track, started his car at the distance of 60 or 70 feet from a child two years old, who was playing on or near the track, whipped his horses into a trot, disregarded the loud call of a driver approaching on a parallel track, and ran over the child,—are evidence of negligence, and will warrant the jury in so finding, although the driver denied seeing the child or understanding the call.

## (Decided November 15, 1886.)

Argued October 20, 1886, before Gordon, Trunkey, Sterrett, and Green, JJ. October Term, 1886, No. 72, W. D. Error to Common Pleas No. 2 of Allegheny County to review a judgment on a verdict for the plaintiff in an action of trespass on the case for negligence. Affirmed.

In this action William Costigan, a minor, suing by his father and next friend, Bernard Costigan, sought to recover from the Citizens Passenger Railway Company damages for the loss of an arm alleged to have been caused by the negligence of one of the defendant's horse-car drivers in running over the plaintiff, William, then a child two years old, on Penn street near Thirty-Third, in the city of Pittsburgh, October 30, 1883, between noon and 1 o'clock P. M.

At the trial before Magee, J., the father of the child and the attending surgeon, as witnesses for the plaintiff, testified to the extent of the child's injuries. The testimony of the surgeon upon the cause of the injuries, besides pointing out that they were such as would have resulted from the cause alleged, was to the effect that on his way to attend the child the driver of the car called out to him "Hurry up, Doctor; I went over a little one down there."

Another witness for the plaintiff testified that he was in his

Note.—For rule as to submission of evidence of negligence to the jury, see note to Schneider v. Pennsylvania Co. 1 Sad. Rep. 290.

See also editorial note to Wallace v. City & Suburban R. Co. 25 L. R. A. 663, presenting the authorities as to duty imposed on street railroad companies to avoid injuring children.

shop, heard a shout on the street, which attracted his attention, and when he looked out he saw the child under the car.

Another testified that he saw the car stop 60 or 70 feet from the child to let a passenger get off; the child was walking in the street; the witness went into a shop near by, heard a shout, ran out and saw the car pass over the child; the horses were then going at a pretty fair trot.

Still others testified that the loud shout which many heard was from the driver of a wagon approaching the car on the other track, and that the shout was loud enough for the driver to hear.

Another witness testified that he was about 40 feet below Thirty-Third street, on Penn street, at the time of the accident; the car was going the same direction he was, ahead of him; the man in the wagon, approaching about 100 feet farther out on the opposite track, first drew his attention; he heard the shout very plain; the car was then within 20 or 25 feet of Thirty-Third street; he did not see the child until it was under the car, his attention being drawn to the man in the wagon hallooing; the man pointed right down on the track and hallooed at the driver of the car; the driver did not stop until he had crossed Thirty-Third street 50 or 60 feet.

John Boehm testified that he saw the whole affair, and his testimony was positive that the child was in the middle of the track when the driver started his horses, whipped them into a trot, disregarded the outcry and ran over the child.   The defendant claimed that Boehm's testimony was conflicting and unreliable.   The driver denied that he saw the child; said that he would have seen it if it had been in front of him; and admitted that he heard the shout but alleged that he did not understand it.

The defendant asked the court to charge the jury:

"6. That, aside from the testimony of John Boehm, no evidence in this case would justify a verdict in favor of plaintiff; and if they find his testimony to be untrue, the verdict should be for defendant."

*Ans.* "This point is affirmed if you find that the testimony of John Boehm is not true, and you do not find from the evidence of other witnesses in the case that the defendant company was guilty of negligence, or want of ordinary care, by which the injury complained of was caused."

The assignment of error specified the answer to defendant's sixth point.

*J. F. Slagle,* for plaintiff in error.—The court below properly instructed the jury that the burden of proving negligence is upon the plaintiff; and that negligence cannot be presumed from the happening of an accident, but must be affirmatively shown by the evidence. Gramlich v. Wurst, 86 Pa. 78, 27 Am. Rep. 684; Jennings v. Pennsylvania R. Co. 93 Pa. 337; Reading & C. R. Co. v. Latshaw, 93 Pa. 449; Baker v. Fehr, 97 Pa. 72.

An examination of the testimony in the case will show that there was not only no sufficient evidence to justify the finding that the defendant company was derelict in duty in any respect, but that the only fact from which any such inference could have been drawn was the injury itself, which, as shown by the authorities cited, would not be sufficient to justify such finding.

The question is not whether there is any evidence, but whether there is sufficient evidence. To find without sufficient evidence is to find without evidence. Howard Exp. Co. v. Wile, 64 Pa. 201; Philadelphia & R. R. Co. v. Yerger, 73 Pa. 124.

Where facts have not been shown from which negligence may reasonably be inferred, they should not be submitted to a jury to infer arbitrarily, and without evidence, that there was negligence. Goshorn v. Smith, 92 Pa. 438.

It is settled law that a jury shall not be permitted, arbitrarily and without evidence, to infer there was negligence. Baker v. Fehr, 97 Pa. 73; Adams Exp. Co. v. Sharpless, 77 Pa. 517.

*A. M. Brown,* for defendant in error.—The case is very like West Philadelphia Pass. W. R. Co. v. Mulhair, 6 W. N. C. 509. The only real difference is that in that case an adult was killed, while in this an infant was maimed.

PER CURIAM:

The plaintiff in error complains of the court's answer to its sixth point, which is as follows: "That aside from the testimony of John Boehm, no evidence in this case would justify a verdict in favor of the plaintiff; and if they find his testimony to be untrue, the verdict should be for the defendant." The court answered that this would be true if the jury found no other evidence of the defendant's negligence. This answer was correct; for, on examination, we find that, other than that of Boehm, there was an abundance of evidence of the driver's negligence.

The judgment is affirmed.